IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA FRISON | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| WAL-MART STORES TEXAS, LLC d/b/a FORT WORTH SUPERCENTER #1455 | § § § § | JURY |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Wal-Mart Stores Texas, LLC d/b/a Fort Worth Supercenter #1455 (hereinafter "Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 348th District Court of Tarrant County, Texas, where this matter was pending under Cause No. 348-305015-18 in a matter styled *Yolanda Frison vs. Wal-Mart Stores Texas, LLC d/b/a Fort Worth Supercenter #1455* (the "State Court Action").

### II. NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging claims of personal injury resulting from Defendant's actions or inactions. *Plaintiff's Original Petition pp. 2-4.*

3. Plaintiff Yolanda Frison alleges that she suffered injuries when she allegedly slipped and fell on water that was leaking from the ceiling on Defendant's premises. *Id. at p. 3.*

4. Plaintiff brought her lawsuit against Wal-Mart in the 348th District Court of Tarrant County, Texas. *See Plaintiff's Original Petition p. 1.*

### III. TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on December 14, 2018. Defendant Wal-Mart Stores Texas, LLC accepted service on May 14, 2019 through its agent, CT Corporation. Thus, removal is timely.

### IV. BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Fort Worth, Tarrant County, Texas. *Plaintiff's Original Petition p. 1*. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

8. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place

of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

9. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she suffered severe physical injuries. *See Plaintiff's Original Petition p. 4*. Plaintiff seeks damages for physical pain past and future, mental anguish past and future, lost earnings past and future, damage to earning capacity, physical impairment past and future, medical expenses past and future, and exemplary damages. *Id. at p. 5*. Plaintiff's Original Petition alleges damages are in excess of $1,000,000. *Id. at p. 1*. The sum claimed by Plaintiff should control the evaluation of amount in controversy.

11. In an effort to confirm the amount in controversy, Wal-Mart sent correspondence to Plaintiff's counsel on June 4, 2019 requesting Plaintiff stipulate she is seeking damages less than $75,000 in damages, exclusive of interest and costs. Plaintiff's counsel has not responded to Defendant's communications; thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.*, No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

## V. THIS NOTICE IS PROCEDURALLY CORRECT

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is

removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

13. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

   A:   Index of all documents filed in the State Court Action.

   B:   Docket Sheet in the State Court Action.

   C:   Copies of all process, pleadings and orders filed in State Court.

   D:   Signed Certificate of Interested Persons.

14. Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

15. Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

16. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 348th District Court of Tarrant County, Texas.

17. Plaintiff has demanded a jury trial in the State Court Action. Defendant has demanded a jury trial in the State Action.

18. Trial has not commenced in the 348th District Court.

### V.  CONCLUSION

19. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 348th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores Texas, LLC, pursuant to and in conformance with the statutory requirements, removes this action from the 348th District Court of Tarrant County, Texas, to this Court.

**Respectfully submitted,**

By: ___/s/ Ramona Martinez___
**RAMONA MARTINEZ**
Texas Bar No. 13144010
rmartinez@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
214.220.5202 (direct)
214.220.5252 (direct fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been forwarded to counsel for Plaintiff, Aaron A. Herbert, Marissa A. Maggio, The Law Office of Aaron A. Herbert 8330 LBJ Freeway, Suite 700, Dallas, Texas 75243, either by e-service, telefax, electronic mail and/or regular U.S. mail on this 13th day of June, 2019.

___/s/ Ramona Martinez___
**RAMONA MARTINEZ**