FILED
TARRANT COUNTY
12/14/2018 4:58 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **348-305015-18**

| | | |
|---|---|---|
| YOLANDA FRISON | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| WAL-MART STORES TEXAS | § | |
| LLC   d/b/a FORT WORTH | § | |
| SUPERCENTER #1455 | § | TARRANT COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **YOLANDA FRISON**, Plaintiff, complaining of and against **WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1455**Defendant, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01    Plaintiff requests that this cause be governed by a discovery control plan whereby discovery is conducted under Level II.

1.02    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $1,000,000.00 but the amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### II. PARTIES, JURISDICTION, AND VENUE

2.01    Plaintiffs are individuals residing in Fort Worth, Tarrant County, Texas.



EXHIBIT

C

2.02    At all material times hereto, **WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1544,** is a company doing business in the State of Texas. Defendant may be served with process by serving its registered agent registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

2.03    This Court has jurisdiction and venue over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court, all or a substantial part of the events or omissions giving rise to the claims herein occurred in FORT WORTH, TARRANT COUNTY, TEXAS, and Tarrant County, Texas is the most just and convenient forum for the parties and the witnesses.

2.04    As to the Defendant that is an entity (partnerships, unincorporated associations, incorporated associations, or other entities), or individuals doing business under an assumed name, Plaintiff brings this suit in said Defendants' partnership, assumed or common name under Rule 28 of the Texas Rules of Civil Procedure. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff reserves the right to substitute the true name of said Defendants at a later time.

2.05    Whenever in this Petition it is alleged that a Defendant did or failed to do any act or thing, it is meant that such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives.

### III. STATEMENT OF FACTS

3.01    At all material times hereto, Defendant was the owner and/or occupier, manager, and/or in control of a store located at 8401 Anderson Blvd., Texas 76120 Store #1455. At the time of Plaintiffs' injury, the premise was being used for the purpose of a Wal-Mart Store. The business operated by Defendants on the premises was known as Wal-Mart.

3.02    Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises, managing the premises and had the exclusive right to control the property on which Plaintiff was injured.

3.03    Plaintiff was an invitee at the time the injury occurred. Plaintiff went on Defendant's premises for the mutual benefit of herself and Defendant, and at the implied invitation of the Defendant.

3.04    At the time of the occurrence in question, Defendant had a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

3.05    On or about January 15, 2017 Plaintiff entered Defendant's store located on 8401 Anderson Blvd., Texas 76120 Store #1455. While shopping at Defendant's store Plaintiff slipped and fell on water that was leaking from the ceiling.

## IV.  CAUSE OF ACTION FOR PREMISES LIABILITY

4.01    At all times material hereto, Defendants, acting through their personnel, agents and employees, created an unreasonable risk of harm on its premises of which it knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition. As a proximate result of Defendant's negligence, Plaintiff suffered the serious personal injuries complained of herein.

## V.  NEGLIGENCE AND GROSS NEGLIGENCE

5.01    Because Plaintiff was an invitee at the time of injury, Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.02    Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff.

Defendant knew or should have known that the condition on its premises without any warning of the condition or making the condition safe for invitees, created an unreasonable risk of harm to invitees, such as Plaintiff.  Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding unreasonable risk of harm to invitees.  Specifically, Defendant breached its duty in one or more of the following ways:

a.   Failing to inspect the premises on a regular basis;

b.   Failing to correct or warn of the dangerous conditions;

c.   Failing to remove hazardous conditions;

e.   Failing to place signs or other warning devices warning invitees;

f.   Failing to provide adequate instructions to invitees to avoid injury;

g.   Failing to exercise reasonable care in establishing and maintaining a premise free of recognized hazards;

h.   Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

i.   Failing to supervise its agents, servants, and employees to ensure the safety of invitees; and

j.   Failing to adequately train its employees to follow policy and procedure.

5.03    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

5.04    Additionally, Plaintiff would show that the conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VI. DAMAGES

6.01    As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

a.      Physical pain in the past and future;

b.      Mental anguish in the past and future;

c.      Lost earnings in the past and future;

d.      Damage to earning capacity;

e.      Physical impairment in the past and future;

f.      Medical expenses in the past and future; and

g.      Exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial she have judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and post judgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

### VII. JURY DEMAND

7.01    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

### VIII. REQUEST FOR DISCLOSURE

8.01    Pursuant to Rule 194.2, Defendant is requested to disclose, within 50 days from the date of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### IX. PRAYER

9.01    WHEREFORE, PREMISES CONSIDERED, Plaintiff **YOLANDA FRISON**, respectfully requests that Defendant **WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1455**, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a.   Actual damages;

b.   Prejudgment and post judgment interest as allowed by law;

c.   Costs of suit;

d.   Exemplary damages; and

e.   Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY: _____

AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 0079834324093610
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone  (214)347-4259
Fax     (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| YOLANDA FRISON | § § § § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS LLC   d/b/a FORT WORTH SUPERCENTER #1455 | § § § | TARRANT COUNTY, TEXAS |

---

### PLAINTIFFS' FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1455

---

**TO:** DEFENDANT, <u>WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1455</u> through its registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

COMES NOW, **YOLANDA FRISON,** Plaintiff in the above styled cause of action and serves <u>PLAINTIFFS' FIRST REQUEST FOR WRITTEN DISCOVERY TO WAL-MART STORES TEXAS, LLC D/B/A FORT WORTH SUPERCENTER #1455</u> as allowed by Tex.R.Civ.P. 192 through 198. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY: _____

AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 0079834324093610
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone  (214)347-4259
Fax     (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served pursuant to Texas Rules of Civil Procedure on all counsel of record in this matter on 14th day of December, 2018.

_____
**AARON A. HERBERT**

# I. **INSTRUCTIONS**

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

# II. **DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "YOLANDA FRISON" means Plaintiffs, their agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" means "WALMART STORES EAST INC D/B/A WALMART #1455" Defendant, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

3.      "You" or "your" means Defendant "WALMART STORES EAST INC D/B/A WALMART #1455" its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, its successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters,

correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.      "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.      "Describe" or "identify," when referring to a person, means you must state the following:

        a.      The full name;

        b.      The present or last known residential address;

        c.      The present or last known residential and office telephone numbers;

    d.      The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

    e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.    "Describe" or "identify," when referring to a document, means you must state the following:

    a.      The nature (e.g., letter, handwritten note) of the document;

    b.      The title or heading that appears on the document;

    c.      The date of the document and the date of each addendum, supplement, or other addition or change;

    d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

    e.      The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.    The word "and" means "and/or."

14.    The word "or" means "or/and."

15.    "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

## III.   INTERROGATORIES

INTERROGATORY NO. 1:

     Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTERROGATORY NO. 2:

     Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

ANSWER:

INTERROGATORY NO. 3:

     Please describe each act or omission on the part of Plaintiff that you contend contributed in any way to Plaintiff's damages.

ANSWER:

INTERROGATORY NO. 4:

     Please identify with sufficient particularity to allow Plaintiff to frame a Request for Production all rules, recommendations, policies, procedures, and any other documents that pertain to or concern in any way the design and/or maintenance of the area where the incident in question occurred at WALMART STORES EAST INC D/B/A WALMART #1455 premises in Plaintiff's Original Petition.

ANSWER:

INTERROGATORY NO. 5:

     If Defendant contends that it prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

ANSWER:

INTERROGATORY NO. 6:

     For each person, including employees, who were present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:

INTERROGATORY NO. 7:

Please identify the name, address, and telephone number of each witness to the incident in question.

ANSWER:

INTERROGATORY NO. 8:

If you or any agent or employee of Defendant made any examination or inspection of the location of the incident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)     the date and time of day of such examination or inspection;

(b)     the identification, including name, address and telephone number, of the person making such examination or inspection;

(c)     a description of what such examination or inspection consisted of;

(d)     a description of what such examination or inspection revealed or showed; and

(e)     a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTERROGATORY NO. 9:

If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

(a)     the time and place when such admission or declaration was made;
(b)     the substance of the admission or declaration; and
(c)     the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

ANSWER:

INTERROGATORY NO. 10:

If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

<u>INTERROGATORY NO. 11:</u>

If you contend that Plaintiff neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

<u>INTERROGATORY NO. 12:</u>

Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including the specific location of the incident the basis of this suit, at the time of the incident in question.

ANSWER:

<u>INTERROGATORY NO. 13:</u>

State whether any entit(ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

<u>INTERROGATORY NO. 14:</u>

Please describe all incidents in which persons have been injured in store at the WALMART STORES EAST INC D/B/A WALMART #1455 referenced in Plaintiff's Original Petition since 2007 by stating:

    (a)    The name of the person who allegedly fell
    (b)    The defect they alleged
    (c)    The date of the incident

<u>INTERROGATORY NO. 15:</u>

If you contend that WALMART STORES EAST INC D/B/A WALMART #1455 did not have control of the area where the incident in question occurred please provide:

    (a)    the persons or entities you allege had custody and control of the area where the incident occurred; and
    (b)    the factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

INTERROGATORY NO. 16:

Identify any individual, entity or party who may be liable in this cause of action but not identified as a defendant in Plaintiff's original petition.

ANSWER:

INTERROGATORY NO. 16:

Please state the earliest date you anticipated that litigation would arise from the incident made the basis of this lawsuit and, with reasonable particularity, all the reasons that you anticipated that the litigation would arise.

ANSWER:

## IV. REQUEST FOR PRODUCTION

The items requested are as follows:

1.  All communications occurring between Plaintiff, or anyone acting on her behalf, on the one hand, and Defendant, or anyone acting on its behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

RESPONSE:

2.  Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

RESPONSE:

3.  Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit [NOTE: This would include any civil or criminal citations, city permits, red tags, etc..]

RESPONSE:

4.  Exact copies of any demand or notice letters, documents or writings in any way referring to any claims made by, or against Plaintiff in connection with the subject matter of this suit.

RESPONSE:

5.  Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

RESPONSE:

6.  Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff, fell on the floors of the premises in question.

RESPONSE:

7.  Exact copies of any incident reports relating to the incident in question.

RESPONSE:

8.  Any pictures, photographs, slides, drawings, graphs, charts, video tapes, recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question. The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

RESPONSE:

9.    Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the seating of the premises in question.

RESPONSE:

10.    Exact copies of all documents concerning the design, construction, modification, or improvements of and to the location of the incident in question on the premises in question.

RESPONSE:

11.    Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

RESPONSE:

12.    A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

RESPONSE:

13.    Exact copies of all contracts between you and any entity or person responsible for the maintenance of the location of the incident in question on the premises in question.

RESPONSE:

14.    All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible for maintenance on the specific location where the incident that forms the basis of this suit occurred.

RESPONSE:

15.    Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

RESPONSE:

16.    Produce all manuals, guidelines or instruction books that Defendant, or its agents, give to employees regarding the investigation and/or reporting of accidents.

RESPONSE:

17.    Any and all photographs, recordings, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the incident scene.

RESPONSE:

18.    All witness statements regarding this incident in the custody or control of defendant.

RESPONSE:

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                          Page 17 of 22

19.   Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff.  This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject matter of this suit.

RESPONSE:

20.   Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

RESPONSE:

21. A copy of insurance adjusters' pre-litigation claims file including, but not limited to, any and all correspondence, reports, memorandum, notaries, computer files, photographs, digital images, video tapes, and other documents pertaining to the following:

(a)   Insurance's investigation of the loss;

(b)   Insurance's negotiations with Plaintiff or his/her representatives;

(c)   Insurance's evaluation of Plaintiff's claim;

(d)   Insurance's correspondence with the Defendant(s), the Plaintiff, and/or any of their representatives;

(e)   Notes or reports of oral conversations with Plaintiff, the Defendant(s), and/or any of their representatives by representatives of Farmers;

(f)   Inter office communications within Traveler pertaining to the Plaintiff's claim;

(g)   Recorded statements of the Plaintiff, the Defendant(s), or any witness(es) which have not been produced in response to requests for disclosure;

(h)   Any and all phone logs documented or recorded by the Defendant(s) or agents of Insurance's pertaining to the subject incident.

(i)   A printout of the pre-litigation computer claim log for the subject incident;

(j)   Any and all medical records for medical services incurred as a result of the subject incident by the Defendant(s) which are in the custody or control of the Defendant, his representatives, and insurance carrier;

(k)   A copy any and all Index Bureau information inquiries regarding claims made by the Plaintiff; and

(l)   A copy any and all ISO Claim Search, SIU Case Manager, and Append-DS documents and information inquiries regarding claims made by the Plaintiff.

RESPONSE:

22. If you are asserting a privilege as to any interrogatory or request for production propounded in this lawsuit, request is made that a withholding statement be filed pursuant to TRCP § 193.3(b).

NOTE: Plaintiff requests that the Defendant identify with reasonable particularity a description of the documents or information withheld, the number of documents, and the privilege that you claim properly precludes the information from being discovered for all material and information within its/his/her possession, custody or control as defined in Rule 192.7(a)(b), Texas Rules of Civil Procedure, which were withheld under claims of privilege. Specifically do the following:

   (a)   Detail the privilege asserted;
   (b)   Provide the title of the document(s) upon which the privilege is asserted:
   (c)   Provide the general substance of the document(s) upon which you claim there is a privilege;
   (d)   Identify the location and custodian of the document(s);
   (e)   State a brief description of why, in your view, the privilege shields the document from discovery; and
   (f)   Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

RESPONSE:

23: Documents reflecting who was present on-site for the date of the incident January 15, 2017, including payroll and any other form of employee timekeeping.

RESPONSE:

24: Produce any and all documentation that reflects employee work tasks for the day of the incident including but not limited to logs and time sheets.

RESPONSE:

25. Each lawsuit filed for the past ten years in which any person(s) (including employees) alleges to have suffered personal injuries as the result of having slipped and fell on the premises of one of Defendant's stores due to a substance on the floor;

RESPONSE:

26. The employment files of Defendant's employees who were working on January 15, 2017, at the time of the incident made the basis of this lawsuit;

RESPONSE:

27. Floor maintenance and safety training provided to, or which should have been provided to, employees who were working on January 15, 2017, at the time of the subject incident;

RESPONSE:

28. Each claim or complaint made for the past five years in which any person(s) (including employees) alleges to have suffered personal injuries as the result of having slipped and fallen on the premises of one of Defendant's stores due to the presence of water or other liquid on the floor;

RESPONSE:

29. Each lawsuit filed for the past five years in which any person(s) (including employees) alleges to have suffered personal injuries as the result of having slipped and fell on the premises of one of Defendant's stores due to the presence of water or other liquid on the floor;

RESPONSE:

30. Defendant's procedures, policies, rules, directives or informal practices created, adopted or promulgated by Defendant's management in effect on the date of the subject incident concerning how floors are to be cleaned, examined or inspected periodically to correct or detect conditions which might pose a danger or risk of injury to visitors or employees;

RESPONSE:

31. Defendant's procedures, policies, rules, directives or informal practices created, adopted or promulgated by Defendant's management in effect on the date of the subject incident concerning when, how and if the floor of its stores are to be examined or inspected periodically to correct or detect conditions which might pose a danger or risk of injury to visitors or employees;

RESPONSE:

32. Defendant's procedures, policies, rules, directives or informal practices created, adopted or promulgated by Defendant's management in effect on the date of the subject incident concerning how the existence of potentially dangerous conditions (including wet floors) is to be reported, documented, investigated, repaired or corrected;

RESPONSE:

33. Documents regarding floor manufacturer floor coverings/ceramic tile material. Date of installation. Any coefficients of friction testing/data performed by manufacturer and any post installation third party agent including the Tile Counsel of North America and/or any third party walkway auditor.

RESPONSE:

34. Defendant's procedures, policies, rules, directives or informal practices created, adopted or promulgated by. Defendant's management in effect on the date of the subject incident concerning how the cause or origin of any potentially dangerous condition (including wet floors) is to be investigated, evaluated or identified;

RESPONSE:

35.Defendant's procedures, policies, directives, rules, or practices in effect on the date of the subject incident relating to care, maintenance, examination or inspection of the floors at the store in question;

RESPONSE:

36: Defendant's procedures, policies, directives, rules or practices in effect on the date of the subject incident relating to reporting, documenting or correcting potentially dangerous conditions found to exist with respect to the floors at the store in question;

RESPONSE:

37. Defendant's procedures, policies, directives, rules or practices in effect on the date of the subject incident relating to the corrective action which should be taken in response to discovery of any dangerous conditions found to exist with respect to the floors at the store in question;

RESPONSE:

38. Defendant's procedures, policies, directives, rules or practices in effect on the date of the subject incident relating to the investigation of slip and fall accidents which occur on the premises of the store in question;

RESPONSE:

39. Each occasion on which the floors of the store in question either were, or should have been, mopped, dried, swept or cleaned, during the month of January 2017 including but not limited to hourly floor logs, operations log, cleaning log, floor sweep log, floor monitoring logs, logs on placement of wet floor signs placement or other logs kept;

RESPONSE:

40. Training given to hourly or management personnel present at the store in question at the time of the subject incident regarding:

    a.    The examination and inspection of the premises for conditions which could pose a danger to visitors or staff;

    b.    The documentation and reporting of dangerous conditions found to exist on the premises;

    c.    The corrective action to be taken upon the discovery of dangerous conditions on the premises;

    d.    The reporting, documenting and investigation of accidents occurring on the premises;

    e.    The mopping, drying, sweeping, cleaning or maintenance of the premises floors or walkways;

RESPONSE:

41. Defendant's policies, procedures or practices promulgated by Defendant's management in effect on the date of the subject incident to find and/or minimize the risks of water or substances standing on the floors in its stores and/or water or substances left on the floors during or after floor maintenance activities;

RESPONSE:

42. Facts or opinions regarding the type, character or cause of the wet or slippery condition of the floor of the store in question immediately following Plaintiff Ms. Frison's fall;

RESPONSE:

43. Facts or opinions regarding the source or the origin of the water or other substance creating the slippery condition found on the floor of the store in question immediately following Plaintiff Ms. Frison's fall;

RESPONSE:

44. The corrective action that was taken by Defendant (if any) following discovery of the water or other substance creating the slippery condition on the floor of the store in question immediately following Plaintiff Ms. Frison's fall;

RESPONSE:

45. The logs, records, charts, notes, or any other documents indicating any inspections and/or maintenance of the floors at the store in question for the seven day period prior to and including the date of the incident in question, including but not limited to janitorial logs, floor inspections logs, or similar documents;

RESPONSE:

46. Documentation of all cashiers and employees working that day.

RESPONSE:

47. Documentation regarding person(s) in charge of operations, HR, and risk management and managers on duty on day of the incident for Wal-Mart Store #1455 in particular.

RESPONSE:

**CT** Corporation

**Service of Process
Transmittal**
05/14/2019
CT Log Number 535469848

TO: Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in Texas**

FOR: Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frison Yolanda, Pltf. vs. Wal-Mart Stores Texas, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | * |
| **COURT/AGENCY:** | *, *<br>Case # 34830501518 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - * |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2019 at 11:41 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | On or before 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | *<br>*<br>*, * * |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/15/2019, Expected Purge Date: 05/20/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

| *CITATION* | *Cause No. 348-305015-18* |
|---|---|

YOLANDA FRISON

VS.

WAL-MART STORES TEXAS LLC

**TO: WAL-MART STORES TEXAS LLC**

D/B/A FORT WORTH SUPERCENTER #1455          B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 348th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

YOLANDA FRISON

Filed in said Court on December 14th, 2018 Against
WAL-MART STORES TEXAS LLC

For suit, said suit being numbered 348-305015-18 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT  a copy of which accompanies this citation.

**AARON A HERBERT**
Attorney for YOLANDA FRISON Phone No. (214)347-4259
Address     8330 LBJ FRWY STE 700 DALLAS, TX 75243

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 29th day of April, 2019.

By _____

LAUREN MELANSON

A CERTIFIED COPY
ATTEST: 04/29/2019
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lauren Melanson

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *34830501518000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office

(Seal)                                        _____
County of _____, State of _____

*CITATION*

Cause No. 348-305015-18

YOLANDA FRISON

VS.

WAL-MART STORES TEXAS LLC

ISSUED

This 29th day of April, 2019

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    LAUREN MELANSON Deputy

AARON A HERBERT
Attorney for: YOLANDA FRISON
Phone No. (214)347-4259
ADDRESS: 8330 LBJ FRWY STE 700

DALLAS, TX 75243

*CIVIL LAW*



*348305015180000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 04/29/2019
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lauren Melanson

348-305015-18

FILED
TARRANT COUNTY
6/6/2019 2:15 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-305015-18

| | | |
|---|---|---|
| **YOLANDA FRISON** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **d/b/a FORT WORTH SUPERCENTER** | § | |
| **#1455** | § | **348TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Wal-Mart Stores Texas, LLC, Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

    Defendant generally denies the allegations contained in Plaintiff's Petition, demands strict proof thereof, and says this is a matter for jury decision.

    Defendant further demands a trial by jury.

### II. REQUEST FOR DISCLOSURE

    Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

    **WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**COBB MARTINEZ WOODWARD** PLLC
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5202 (direct phone)
(214) 220-5252 (direct fax)


By:       */s/ Ramona Martinez*
**RAMONA MARTINEZ**
Texas Bar No. 13144010
rmartinez@cobbmartinez.com

**ATTORNEY FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been forwarded to counsel for Plaintiff, Aaron A. Herbert, Marissa A. Maggio, The Law Office of Aaron A. Herbert 8330 LBJ Freeway, Suite 700, Dallas, Texas 75243, either by e-service, telefax, electronic mail and/or regular U.S. mail on this 6th day of June, 2019.

*/s/ Ramona Martinez*
**RAMONA MARTINEZ**